OPINION
The Xenia Township Board of Zoning Appeals (hereafter BZA) is appealing the decision of the Common Pleas Court of Greene County, Ohio, overturning the BZA's refusal of Kecia Bass' application for a conditional use permit and remanding the case to the BZA for hearing.
Kecia Bass had applied for a conditional use permit for a child care center on property located in an R-1 single family residential district in Xenia Township. A hearing was held upon request, and at its conclusion the members of the BZA voted unanimously to deny her request for a conditional use permit.
An appeal was duly made by Bass to the Common Pleas Court of Greene County, which opined that the BZA had the authority to determine whether a day-care center is a similar use to a private school, which is specifically permitted as a conditional use in an R-1 district. The court further found that the BZA's decision is not supported by a preponderance of substantial, reliable, and probative evidence on the whole record and, therefore, remanded the case for a further hearing.
The BZA brings a single assignment of error in this appeal that the trial court erred in remanding this case to the Xenia Township Board of Zoning Appeals, but under this one assignment of error presents two issues for review, to-wit:
 THE BOARD OF ZONING APPEALS HAS NO AUTHORITY TO GRANT A CONDITIONAL USE WHICH IS NOT AUTHORIZED UNDER THE TERMS OF THE ZONING RESOLUTION.
 THE HEARING ON AN APPLICATION FOR A CONDITIONAL USE FULFILLED THE MINIMUM REQUIREMENTS OF DUE PROCESS WHEN THE APPLICANT RECEIVED NOTICE AND WAS GIVEN AN OPPORTUNITY TO TESTIFY AND CALL WITNESSES, AND A FAILURE TO OBJECT AT THE TIME OF THE HEARING WAIVES ANY OBJECTION TO THE HEARING.
We agree with the appellant on its first issue presented for review and will, therefore, reverse the decision of the trial court.
As the BZA points out, a day-care center is a permitted principal use in an R-2 district under the Xenia Township Zoning Resolution, but it is not listed as a permitted principal use nor a permitted conditional use in an R-1 district. The trial court reasoned, incorrectly, that the BZA had authority to determine whether the requested use of a day-care center is similar to a permitted conditional use, to-wit: a private school. This latitude is only for the purpose of allowing the BZA to contemplate a use which was not contemplated at the time the zoning resolution was drafted. Since a day-care center is a principal and permitted use in an R-2 district, it was obviously contemplated by the Zoning Appeals and, therefore, its absence as a permitted conditional use in an R-1 district is dispositive of this issue. This court previously determined this very issue in Matlock v. City of Dayton Board of Zoning Appeals (May 4, 1983), Montgomery App. No. 7991, unreported. The appellee's attempt to distinguish Matlock is not persuasive.
The appellant's assignment of error is sustained on its first issue presented and we, therefore, need not examine the second issue presented. The judgment is reversed, and the decision of the BZA is reinstated.
FAIN, J. and GRADY, J., concur.